

IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

HAROLD DENNIS SHARP, )
)
Plaintiff, )
)
vs. ) No. 10-622-W
)
GEO GROUP, INC., et al., )
)
Defendants. )

## ORDER

On June 6, 2011, United States Magistrate Judge Bana Roberts issued a Report and Recommendation in this matter and recommended that the Motion to Dismiss/Motion for Summary Judgment filed by defendants GEO Group, Inc. ("GEO Group"), David Miller and Enroll Hancock pursuant to Rules 12(b)(6) and 56, F.R.Civ.P., be granted. Plaintiff Harold Dennis Sharp, who has complained that his constitutional rights have been violated during his incarceration at Lawton Correctional Facility, was advised of his right to object to the Report and Recommendation, but no objections have been filed within the allotted time.

In the absence of any objection, the Court accepts Magistrate Judge Roberts' suggested disposition of this matter and accordingly,

(1) ADOPTS the Report and Recommendation [Doc. 38] issued on June 6, 2011;

(2) GRANTS the defendants' Motion to Dismiss/Motion for Summary Judgment [Doc. 33] filed on February 28, 2011, to the extent that defendant GEO Group is entitled to summary judgment on Sharp's claims seeking relief under title 42, section 1983 of the

United States Code because Sharp has failed to establish a genuine issue of material fact with regard to an essential element of his section 1983 claims against GEO Group;[1]

(3) GRANTS the defendants' Motion to Dismiss/Motion for Summary Judgment to the extent that in the absence of any constitutionally-protected interest in the grievance process,[2] Sharp has failed to state a claim for relief and defendant Miller is entitled to dismissal with prejudice of Sharp's complaints about grievance procedures;

(4) GRANTS the defendants' Motion to Dismiss/Motion for Summary Judgment to the extent that all defendants are entitled to summary judgment as to Sharp's "condition of confinement" claims seeking relief under the eighth amendment to the United States Constitution because Sharp has failed to offer any evidence that would establish a genuine issue of material fact with regard to such claims; and

(5) DIRECTS that judgment in accordance with this Order issue forthwith.

ENTERED this 12th day of July, 2011.

LEE R. WEST
UNITED STATES DISTRICT JUDGE

---

[1] E.g., Smedley v. Corrections Corporation of America, 175 Fed. Appx. 943, 946 (10th Cir. 2005)(cited pursuant to Tenth Circ. R. 32.1)(private corporation cannot be held liable under section 1983 on a respondeat superior theory; plaintiff must show that corporation acting under color of state law "directly caused" the constitutional violation about which plaintiff has complained by instituting official policy that was moving force behind violation).

[2] E.g., Murray v. Albany County Board of County Commissioners, 2000 WL 472842 *2 (10th Cir. 2000)(allegations failed to state a claim for relief because prison grievance procedures do not give rise to protected liberty interest)(cited pursuant to Tenth Cir. R. 32.1).